**In the. Matter of: Shahram MESBAHI, aka Shawn Mesbahi, aka Sharam Mesbahi, Debtor,**

Khanbaba Banayan; Parirokh Banayan, Appellants,

v.

Shahram Mesbahi; Katie Mesbahi, a/k/a Kayhaneh Dirinpour, Appellees.

No. 06–56686.

United States Court of Appeals, Ninth Circuit.

Submitted May 12, 2008.*

Filed May 21, 2008.

Shai Oved, Esq., Shai Oved Law Offices, Woodland Hills, CA, for Appellants.

Shahram Mesbahi, Katie Mesbahi, Esq., Laguna Niguel, CA, for Appellees.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: SCHROEDER, SILVERMAN, and BERZON, Circuit Judges.

MEMORANDUM **

The Banayans appeal the decision of the Bankruptcy Appellate Panel ("BAP") affirming in part their appeal from the bankruptcy court and dismissing in part. We affirm in part and dismiss as moot in part.

1. The Banayans sought to revoke Mesbahi's discharge. The bankruptcy court found that the Banayans failed to prove either that "such discharge was obtained through the fraud of the debtor, and the requesting party did not know of such fraud until after the granting of such discharge," or that Mesbahi "knowingly and fraudulently failed to report the acquisition of or entitlement to" estate property. 11 U.S.C. § 727(d)(1)–(2). The BAP held this finding was not clearly erroneous, setting out in detail its reasons for so holding. We agree with the BAP's reasoning and uphold the bankruptcy court's factual findings.

2. During the revocation proceedings, the Banayans moved to compel discovery. The bankruptcy court denied the motion to compel because it failed to comply with a local rule designed to streamline and facilitate such motions. Central District Bankr. Local Rule 9013–1(c). The Banayans did not, as required, formulate a stipulation with Mesbahi, nor did they submit a declaration explaining the reason for such failure. As the local rule expressly permits a motion to be denied for failure to comply, the denial was not an abuse of discretion.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

3. Because we affirm the judgment for Mesbahi, we dismiss the Banayans' appeal with respect to Katie Mesbahi as moot. *See Mujahid v. Daniels*, 413 F.3d 991, 994 (9th Cir.2005). Katie Mesbahi was not a party to the underlying discharge. We note further that the Banayans could have sought any relevant discovery from Katie even if she was not a party.

AFFIRMED in part, DISMISSED AS MOOT in part.

---

* This disposition is not appropriate for publication and is not precedent except as provided